36 F.3d 1089
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
NORTHEAST DATA SYSTEMS, INC., Plaintiff, Appellant,
v.
MICRODATA CORPORATION, Defendant, Appellee.
 No. 94-1266
 United States Court of Appeals,
First Circuit.
 Aug. 29, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Robert B. Collings, U.S. Magistrate Judge]
 D.Mass.
 AFFIRMED.
 Roger S. Davis with whom Cheri L. Hoff and Davis, Rubin & Parker, P.A. were on brief for appellant.
 Frederick W. Rose with whom Gianfranco A. Pietrafesa and Cooper, Rose & English were on brief for appellee.
 Before Cyr and Stahl, Circuit Judges, and Zobel,* District Judge.
 *Of the District of Massachusetts, sitting by designation.
 Per Curiam.
 
 
 1
 Plaintiff-appellant Northeast Data Systems appeals the district court's denial of its motion for sanctions against defendant-appellee McDonnell Douglas Computer Systems Company. We affirm.
 
 I.
 PRIOR PROCEEDINGS
 
 2
 Plaintiff originally commenced this action in 1983 in state court against Microdata Corporation.[1] Defendant removed this action to the United States District Court for the District of Massachusetts where plaintiff subsequently filed an amended complaint charging defendant with breach of contract, interference with contractual and advantageous relationships, deceit, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, bad faith termination, antitrust law violations, and violation of Mass. Gen. L. ch. 93A Sec. 11. Defendant filed an answer and a counterclaim containing, inter alia, claims for breach and tortious breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, bad faith termination, antitrust violations, and violation of Mass. Gen. Laws ch. 93A Sec. 11.
 
 
 3
 Post judgment, plaintiff filed with the district court a motion seeking sanctions against defendant pursuant to Fed. R. Civ. P. 11 (1988), 28 U.S.C. Sec. 1927, and the inherent powers of the court. In a lengthy written order, the magistrate judge denied plaintiff's motion and this appeal was taken.
 
 II.
 DISCUSSION
 
 4
 Defendant concedes that the only issue on appeal is whether the lower court erred in denying sanctions. More specifically, plaintiff argues that the magistrate judge erred in failing to find that defendant 1) filed its counterclaims solely for the purpose of delay and harassment; 2) knew at the time of its filing, and subsequently, that the claims lacked merit; and 3) filed false answers to interrogatories to mislead and obstruct plaintiff. Plaintiff primarily offers as evidence the interrogatories of two individuals who defendant claimed had knowledge of the factual basis for its counterclaims, and the subsequent deposition testimony of these same two witnesses which plaintiff claims show that neither actually possessed any such factual knowledge. Plaintiff argues that these allegedly inconsistent statements prove that defendant failed to conduct a sufficient pre-filing inquiry with respect to its counterclaims and that such failure should merit sanctions.
 
 
 5
 Because all of the events animating this appeal occurred prior to December 1, 1993, the magistrate judge relied upon Fed. R. Civ. P. 11 (1988) and not the 1993 amended version.[2] We review a district court's denial of sanctions for abuse of discretion. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992) ("[A] party protesting an order in respect to sanctions bears a formidable burden in attempting to convince the court of appeals that the district judge erred in finding that Rule 11 was, or was not, violated.").
 
 
 6
 In his order denying plaintiff's motion, the magistrate judge observed that this same argument served as the focal point for plaintiff's March 1987 motion to strike the counterclaims and for sanctions, a motion denied by the court. Before reaching the merits of plaintiff's second request for sanctions, the magistrate judge noted that plaintiff never filed a motion for reconsideration of the first denial. He then held that "based upon the factual recitation incorporated in the affidavit of [defendant's counsel] as well as a review of the complete transcripts of the [two] depositions, it cannot be found that Microdata answered the interrogatories in bad faith, attempted to mislead plaintiff or failed to conduct an adequate pre-filing investigation."
 
 
 7
 A comprehensive review of the lengthy history of this litigation and the careful and full review given by the magistrate judge of the latest request for sanctions not only satisfies us that there was no abuse of discretion, manifest or otherwise,[3] but that this appeal is frivolous.
 
 III.
 CONCLUSION
 
 8
 For the foregoing reasons, we affirm the district court's denial of sanctions.
 
 
 9
 Affirmed. Double costs.
 
 
 
 [1]
 Microdata Corporation was acquired by McDonnell Douglas Corporation in 1979 and renamed McDonnell Douglas Computer Systems Company during the pendency of this litigation
 
 
 [2]
 Neither party has challenged this decision on appeal
 
 
 [3]
 The magistrate judge also separately reviewed and, after careful consideration, dismissed each of plaintiff's additional evidentiary offers, i.e., that defendant 1) improperly delayed the completion of a deposition; 2) obstructed defendant's motion for summary judgment; 3) frivolously reopened discovery; and 4) failed to prosecute its counterclaims. Because we agree with the magistrate judge's finding that none of these allegations merit sanctions in this case, we need not regurgitate his discussion here